IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Travis Phillips,  Case No: 3:22-cv-01144

    Plaintiff,  Judge James G. Carr

    v.  Magistrate Judge Carmen E. Henderson

Commissioner of Social Security,

    Defendant.  **ORDER**

This is an appeal from the denial of Social Security benefits. On June 29, 2022, Plaintiff, Travis Phillips, filed a Complaint seeking review of Defendant's denial of his application for Disability Insurance Benefits (DIB) corresponding with a Period of Disability (POD). (Doc. 1). The applications were filed on January 19, 2020 for a POD beginning on October 16, 2017 (Doc. 15, pgID 1101, citing Doc. 7, Tr. 22).

On April 29, 2021, an Administrative Law Judge (ALJ) issued a written decision finding Plaintiff not to be disabled. (*Id.* at Tr. 19). This decision became final on March 28, 2022 when Defendant's Appeals Council declined further review. (*Id.* at Tr. 2.). The ALJ specifically found:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2022.

2. The claimant has not engaged in substantial gainful activity since October 16, 2017, the alleged onset date (20 CFR §§ 404.1571, *et seq.*).

3. The claimant has the following severe impairments: status-post gunshot wound with bilateral orchiectomies and left lower extremity vascular reconstruction and four-compartment fasciotomies; lumbar degenerative disc disease; and left knee osteopenia and osteoarthritis (20 CFR § 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR §§ 404.1520(d), 404.1525 and 404.1526).

5. [T]he claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except he can never climb ladders, ropes, or scaffolds or crawl and can occasionally climb ramps and stairs, balance, crouch, kneel, and stoop. The claimant must be able to use a cane to aid in ambulation. With the left lower extremity, he cannot operate foot controls and can occasionally push and/or pull. He cannot work around vibrations, unprotected heights, or unprotected moving machinery.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).

7. The claimant was born on January 11, 1978 and was 39 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR § 404.1563).

8. The claimant has at least a high school education (20 CFR § 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR §§ 404.1569 and 404.1569(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from October 16, 2017, through the date of this decision (20 CFR § 404.1520(g)).

(Doc. 15, pgID 1105-06).

Pursuant to Local Civ. R. 72.2(b) (Automatic Reference), I referred the Complaint to Magistrate Judge Carmen E. Henderson for issuance of a Report & Recommendation (R&R). The Magistrate Judge filed the R&R on April 4, 2023. (Doc. 15).

In the R&R, Magistrate Judge Henderson recommends that I overrule Plaintiff's Objections and affirm the Defendant's decision. The Magistrate Judge further duly notified the

parties of the deadline for filing objections. On April 18, 2023, Plaintiff filed an Objection to the R&R. (Doc. 16). On April 21, 2023, Defendant filed a Response. (Doc. 17).

On *de novo* review, *see* 28 U.S.C. § 636(b)(1), I find the R&R well-taken in all respects. I overrule Plaintiff's Objection, adopt the R&R as the Order of the Court, and affirm the Commissioner's decision.

## Discussion

Plaintiff raises two Objections to the R&R:

1) The ALJ erred when she failed to find any of his psychological impairments severe at Step Two of the Sequential Evaluation.

2) The ALJ committed harmful error when she failed to properly apply the criteria of Social Security Ruling 16-3p and found that the effect of the combination of Phillips' symptoms, including pain, allowed him to engage in substantial gainful activity on a full-time and sustained basis.

(Doc. 15, pgID 1102).

The Court's review "is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards." *Winn v. Comm'r of Soc. Sec.*, 615 F. App'x 315, 320 (6th Cir. 2015); *see also* 42 U.S.C. § 405(g). "[S]ubstantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of HHS*, 25 F.3d 284, 286 (6th Cir. 1994)).

### 1. Failure to Consider Evidence of Psychological Diagnoses

The gravamen of Plaintiff's first Objection is that the ALJ's RFC analysis omits any evidence of psychological impairments, particularly Plaintiff's diagnosis of "PTSD" as "severe"

3

at Step Two. In response, Defendant argued that the ALJ considered all of Plaintiff's impairments in crafting the RFC.

Indeed, the ALJ found that Claimant's PTSD was not a severe impairment. (Doc. 15, pgID 4, citing Doc. 7, Tr. 25). However, failure to designate one impairment as "severe" is harmless error where other impairments are given that designation. *Maziarz v. Sec'y of HHS.*, 837 F.2d 240, 244 (6th Cir. 1987); *Kochenour v. Comm'r of Soc. Sec.*, No. 3:14-CV-2451, 2015 WL 9258609, at *6 (N.D. Ohio Dec. 18, 2015) (citing *Riccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 388 (6th Cir. 2013) ("When formulating an RFC, an ALJ must consider the combined effect of all of the claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity.")).

In this case, the ALJ found that Plaintiff suffered from other impairments, which she designated as severe (gunshot wound with bilateral orchiectomies and left lower extremity vascular reconstruction and four-compartment fasciotomies; lumbar degenerative disc disease; and left knee osteopenia and osteoarthritis). (Doc. 15, pgID 1109, citing Doc. 7, Tr. 24). Therefore, Plaintiff "cleared step two of the analysis." *Anthony v. Astrue*, 266 F. App'x 451, 457 (6th Cir. 2008). The fact that the ALJ declared some impairments, including PTSD, as non-severe at Step Two, is "legally irrelevant." *Id.* (citing *Maziarz*, 837 F.2d at 244).

As noted by the Magistrate Judge, while the ALJ did not adopt any mental health restrictions in the RFC, this does not amount to automatic error. Mild limitations do not automatically mandate specific limitations in the RFC. *See, e.g.*, *Little v. Comm'r of Soc. Sec.*, No. 2:14-cv-532, 2015 WL 5000253, at *13–14 (S.D. Ohio Aug. 24, 2015) (finding no error where the ALJ did not include RFC limitations to address findings of mild mental limitations); *Caudill v. Comm'r of Soc. Sec.*, No. 2:16-CV-818, 2017 WL 3587217, at *5 (S.D.

4

Ohio Aug. 21, 2017) (finding mild mental impairments do not require inclusion of mental limitations in RFC); *Walker v. Astrue*, No. 3:11-cv-142, 2012 WL 3187862, at *4–5 (S.D. Ohio Aug. 3, 2012) (finding substantial evidence supported the ALJ's determination that the claimant's mental impairments were mild enough not to warrant specific RFC limitations).

Nonetheless, the ALJ did consider Plaintiff's mental health conditions and treatment options. (Doc. 15, pgID 1111, citing Doc. 7, Tr. 29). Failure to adopt a limitation in the RFC does not preclude an ALJ from considering the related impairment. Rather, it simply means that—as was the case here—the ALJ considered the impairment but determined that it did not warrant any additional limitations. Therefore, Plaintiff's argument fails.

Additionally, I agree with the Magistrate Judge concerning the Erie County Community Health records. There is sufficient evidence in the record that the ALJ gave this information due consideration in the Step Two assessment. (Doc. 7, Tr. 25).

Accordingly, I overrule the Plaintiff's first Objection to the ALJ's R&R.

### 2. The ALJ's Credibility Assessment and Subjective Determinations in Applying the Criteria of Social Security Rule 16-3p

In his second Objection, Plaintiff argues the ALJ committed harmful error in failing to properly apply Social Security Rule ("SSR") 16-3p[1] to evaluate his subjective complaints of pain. (Doc. 15, pgID 1113-4, citing Doc. 10, pgID 1072). Plaintiff argues the ALJ failed to: (1) list specific reasons for rejecting his allegations, (2) provide support for her credibility finding, and (3) explain her finding in a "sufficiently specific" way. (Doc. 10, pgID 1078).

Foremost, evaluation of a claimant's subjective complaints and credibility rests with

---

[1] SR 16-3p: Titles II and XVI: Evaluation of Symptoms in Disability Claims," outlines the agency's policy interpretation of the Two Step process of disability determinations. *Available at* https://www.ssa.gov/OP_Home/rulings/di/01/SSR2016-03-di-01.html.

the ALJ. *See Siterlet v. Sec'y of HHS*, 823 F.2d 918, 920 (6th Cir. 1987); *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 248 (6th Cir. 2007). After reviewing the medical record, the ALJ found Claimant's subjective complaints "somewhat inconsistent with the other medical evidence of record." (Doc. 7, Tr. 30). I find, as the Magistrate Judge did, that the ALJ provided sufficient explanation and justification for this finding, which was squarely within her purview to do so. *See Carr v. Comm'r of Soc. Sec.*, No. 3:18-CV-1639, 2019 WL 2465273, at *10 (N.D. Ohio April 24, 2019).

Additionally, I agree with the Magistrate Judge's finding that the ALJ reviewed sufficient SSR 16-3p factors. (Doc. 15, pgID 1116-18, citing Doc. 12, pgID 1091-94, Doc. 7, Tr. 28-30). The agency policy statement sets forth seven factors that the ALJ should consider: 1.) daily activities; 2.) location, duration, frequency and intensity of pain/symptoms; 3.) factors precipitating or aggravating the symptoms; 4.) type, dosage, effectiveness and side effects of mediation; 5.) non-medication treatments; 6.) non-treatment measures used to alleviate pain; and 7.) any other factors concerning functional limitations and restrictions. SSR 16-3p(2)(d), Soc. Sec. Ruling 16-3p: Titles II & XVI: Evaluation of Symptoms in Disability Claims, SSR 16-3P, 2016 WL 1119029 (S.S.A. Mar. 16, 2016); 20 C.F.R. § 404.1529(c).

The ALJ need not analyze all seven factors but should show that she considered the relevant evidence. *Cross v. Comm'r of Soc. Sec.*, 373 F. Supp. 2d 724, 733 (N.D. Ohio 2005). The ALJ's "decision must contain specific reasons for the weight given to the individual's symptoms. . . and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms." SSR 16-3p, 2017 WL 5180304; *see also Felisky v. Bowen*, 35 F.2d 1027, 1036 (6th Cir. 1994) ("If an ALJ rejects a claimant's testimony as incredible, he must clearly state his reason for doing so.").

6

In this case, the ALJ properly and appropriately gave due consideration to Plaintiff's credibility. In addition, she complied with what SSR 16-3p requires with respect to consideration of "Objective Medical Evidence" and "Other Evidence." *See* SSR 16-3p(1), (2). I therefore, overrule Plaintiff's second Objection to the ALJ's R&R.

## Conclusion

For the foregoing reasons, Plaintiff's Objection is not well taken.

Accordingly, it is hereby

ORDERED THAT:

1. Plaintiff's Objection to the Magistrate Judge's Report & Recommendation (Doc. 16) be, and the same hereby is, overruled;

2. The Magistrate Judge's Report & Recommendation (Doc. 15) be, and the same hereby is, adopted as the Order of this court in a manner consistent with this Opinion; and

3. The Commissioner's final decision denying Plaintiff's applications for DIB and POD be, and the same hereby is, affirmed.

**So ordered.**

/s/ James G. Carr
Sr. U.S. District Judge